# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JAHIL FRANCISCO SANTOS,<br>                    Appellant, | DOCKET NUMBER<br>AT-0752-20-0219-I-2 |
| v. | |
| DEPARTMENT OF<br>    TRANSPORTATION,<br>                    Agency. | DATE:  March 27, 2025 |

Catherine Cullen, Esquire, and Mark A. Cullen, Esquire, West Palm Beach,
Florida, for the appellant.

Christian Lewerenz, Jamaica, New York, for the agency.

Stephanie A. Kevil, Des Plaines, Illinois, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member
Vice Chairman Kerner issues a separate opinion.
Member Harris issues a separate opinion.

### ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal.  The two Board members cannot agree on the disposition of the petition for review.  Therefore, the initial decision now becomes the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1200.3(b) (5 C.F.R. § 1200.3(b)).  This decision shall not be considered as precedent by the Board in any other case. 5 C.F.R. § 1200.3(e).

## NOTICE OF APPEAL RIGHTS[1]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[1] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[2] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[2] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

SEPARATE OPINION OF HENRY J. KERNER

in

*Jahil Francisco Santos v. Department of Transportation*

MSPB Docket No. AT-0752-20-0219-I-2

For the reasons set forth below, I would deny the appellant's petition for review and affirm the initial decision.

As Member Harris notes in her separate opinion, the facts of this case are largely undisputed. In September 2016, the agency issued a decision to remove the appellant from his position as an Air Traffic Control Specialist after his random drug test came back positive for cocaine. *Santos v. Department of Transportation*, MSPB Docket No. AT-0752-20-0219-I-1, Initial Appeal File (IAF), Tab 4 at 40-43, Tab 5 at 4. However, because the appellant agreed to enter the agency's Treatment Rehabilitation Plan (TRP), the deciding official agreed to hold the implementation of the removal "in abeyance pending successful completion of *all* the terms and conditions in the TRP." IAF, Tab 4 at 41 (emphasis added). For his part, the appellant agreed to, among other things, attend intensive out-patient treatment for a minimum of a year, as well as "totally abstain" from the use of any illegal drugs or any alcohol, either on- or off-duty, while occupying a Testing Designated Position for the duration of his employment with the agency. *Id.* at 46-53. The appellant successfully completed the rehabilitation portion of the TRP in October 2017, but a year later, tested positive for alcohol use. *Id.* at 32, 35, 39. The agency then issued the appellant an Implementation of Removal, explaining that it was effectuating the 2016 removal because the positive test violated the terms of the TRP. *Id.* at 15-16.

The outcome of this case turns on the interpretation of the TRP, namely, whether the abstinence requirement—i.e., the requirement to "totally abstain" from drugs and alcohol—was a term and condition of the TRP. In construing the terms

of the TRP agreement, the Board examines the four corners of the agreement to determine the parties' intent. *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 17 (2009). The contract provisions must be read as "part of an organic whole, according reasonable meaning to all of the contract terms" to identify and give weight to the "spirit" or essence of the contract as intended by the parties. *Id.* (citations omitted).

Reviewing the four corners of the TRP, I discern no basis to sever any of the 23 enumerated terms and conditions, including the abstinence requirement, from the TRP. All 23 enumerated provisions have a similar structure, specifically, they use the first-person narrative and make affirmative statements as to the appellant's responsibilities while under the TRP. IAF, Tab 4 at 47-53. Furthermore, immediately following the list of 23 conditions, there is the signature and attestation section, which is signed by the appellant and confirms that he accepts the agency's TRP offer, he understands that "failure to abide with any condition of [his TRP] will result in a determination of non-compliance and a referral to management for further action," and "compliance means a strict adherence to all elements of the [TRP]." *Id.* at 53. The appellant admitted as much to the agency. *Santos v. Department of Transportation*, MSPB Docket No. AT-0752-20-0219-I-2, Appeal File (I-2 AF), Tab 15 at 4, 6.

Additionally, the agency informed the appellant multiple times, including after he completed the out-patient rehabilitation program, that any future relapses, positive tests, or incidents of substance abuse/misuse would result in the implementation of the sustained removal. *Id.* at 39, 41, 53. Therefore, as the administrative judge found, the evidence suggests that the appellant understood that violating the abstinence requirement would violate the TRP and result in the effectuation of his removal. I-2 AF, Tab 24, Initial Decision (ID) at 11. Stated another way, the "spirit" or essence of the TRP, as intended by both parties, is that the abstinence requirement is a term and condition of the TRP. Therefore, I agree with the administrative judge that the agency proved that the appellant violated the

TRP as alleged in the implementation notice, and the agency properly effectuated the appellant's 2016 removal.  ID at 13.

I also note that the agency including an ongoing abstinence requirement as a term and condition of the TRP is not unreasonable in light of the appellant's position as an Air Traffic Controller.  Because the appellant's job duties directly relate to public health and safety, he is responsible for the lives of thousands of people while on duty.  Therefore, the appellant's previous history of abusing substances and inability to abstain from the use of substances, even when off-duty, has a direct impact on public safety.  The appellant understood that his employment hinged on his ability to refrain from substance use and was ultimately unable to abstain.  Accordingly, I would affirm the initial decision sustaining the agency's effectuation of the 2016 removal.

*Henry Kerner*

_____
Henry J. Kerner
Vice Chairman

in

*Jahil Francisco Santos v. Department of Transportation*

MSPB Docket No. AT-0752-20-0219-I-2

For the following reasons, I would grant the appellant's petition for review, reverse the initial decision, and not sustain the removal action.

## BACKGROUND

The material facts of this case are undisputed. The appellant was an Air Traffic Control Specialist for the agency's Federal Aviation Administration (FAA). *Santos v. Department of Transportatio*n, MSPB Docket No. AT-0752-20-0219-I-1, Initial Appeal File (IAF), Tab 5 at 11-12. Air Traffic Control Specialist is an alcohol and drug testing-designated position, meaning that the appellant was required to abstain from alcohol for at least 8 hours prior to each tour of duty, to abstain from illegal drugs entirely, and was subject to random testing. *Id*. at 15, 95, 149, 152, 162.

On June 26, 2016, the appellant submitted to a random drug test, which came back positive for cocaine metabolites. *Id.* at 6-9. On July 25, 2016, the agency proposed the appellant's removal based on a charge of "Positive Drug Test." IAF, Tab 5 at 4-5. The proposal notice stated, "In light of the charge listed above, you are eligible for a one-time opportunity for participation in an FAA-[Employee Assistance Program] approved and monitored Treatment Rehabilitation Plan (TRP)," and "[y]our willingness to participate in a TRP will be favorably considered when issuing my decision." *Id*. at 5.

The appellant elected to participate in the TRP. IAF, Tab 5 at 46-54. On September 21, 2016, the deciding official issued a decision in which he determined that the charge was supported by the evidence and that it warranted the appellant's

removal. IAF, Tab 4 at 40-41. However, the decision letter also stated, "Since you have accepted the offer of a TRP . . . I will hold the implementation of your removal in abeyance pending successful completion of all the terms and conditions in the TRP."[1] *Id.* at 41. On October 27, 2017, the agency sent the appellant a letter of congratulations, informing him that he had successfully completed the TRP, but warning him that any future relapse, positive test, or confirmation of substance abuse or misuse would subject him to removal. *Id.* at 39.

A year later, on October 16, 2018, the appellant submitted to another test, which came back positive for alcohol. *Id.* at 34-35. Effective December 20, 2019, the agency implemented its September 21, 2016 removal decision on the basis that the appellant was non-compliant with his TRP. *Id.* at 14-18. Specifically, the agency found that, when he entered the TRP, the appellant agreed that he would completely abstain from alcohol as long as he was employed in a testing-designated position, and it was undisputed that the appellant had violated that agreement. *Id.* at 15-16.

The appellant filed a Board appeal, raising an affirmative defense of harmful error. IAF, Tab 1; *Santos v. Department of Transportation*, MSPB Docket No. AT-0752-20-0219-I-2, Appeal File (I-2 AF), Tab 16 at 2. After a hearing, the administrative judge issued an initial decision sustaining the appellant's removal. I-2 AF, Tab 24, Initial Decision (ID).

The appellant has filed a petition for review, arguing among other things that the agency was not permitted to reinstate the 2016 removal action because he had already successfully completed the TRP prior to testing positive for alcohol. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

---

[1] Under the agency's Order 3910.1D, chapter XI § 4.c, for a first offense of off-duty use of illegal drugs, the agency will initiate the removal of a testing-designated employee but will hold the removal in abeyance while the employee is offered a conditional opportunity for rehabilitation. IAF, Tab 5 at 150.

**ANALYSIS**

In his initial decision, the administrative judge found that "[t]he appellant's TRP, which he signed on August 1, 2016, stated, in pertinent part" that "'I agree to totally abstain from the use, on-and off-duty, of any alcohol or products that contain alcohol while occupying a TDP'" and "'I understand that the abstinence requirements in this document remain in effect for the duration of my employment with the FAA while occupying a TDP.'" ID at 9; IAF, Tab 9 at 52.

On petition for review, the appellant argues that he successfully completed the TRP on October 24, 2017, and that his agreement to abstain from alcohol was not part of the TRP. PFR File, Tab 1 at 5-6. He argues that the agency was only permitted to implement the removal in abeyance during the pendency of the TRP, and its implementation of the removal on other grounds after the TRP was completed was a violation of his due process rights. *Id.* at 7-8. The agency argues that the administrative judge decided the issue correctly, the appellant plainly agreed to abstain from alcohol, and the agency warned him multiple times about the consequences of alcohol consumption. PFR File, Tab 3 at 5-6. The agency notes that the October 27, 2017 letter of congratulations explicitly warned him that he would face removal for any future positive test. *Id.* at 6.

Having carefully considered the record evidence, the administrative judge's analysis, and the parties' arguments, I agree with the appellant that he successfully completed the TRP, his agreement to abstain from alcohol was not part of the TRP, and he never agreed that he would be subject to summary removal for the rest of his career. The distinction between the TRP and the alcohol abstention agreement is apparent from the TRP memorandum itself, which on the first page states, "This letter outlines the [TRP] and conditions the [FAA] require you [sic] to complete in order to retain your safety-related position. You must agree to the [TRP] and all other conditions described in this letter." IAF, Tab 4 at 46. The only coherent reading of this language is that the memorandum sets forth both a TRP and "other conditions" that are not part of the TRP.

Reading onward, the organization of the memorandum leaves something to be desired in that it jumbles the TRP and the "other conditions" together without explicitly distinguishing between them. Nevertheless, to my reading, provisions 1 through 17 describe the TRP itself and outline the appellant's responsibilities with respect to the TRP. *Id.* at 47-51. Provision 18, however, has its own heading, titled "Abstinence Requirements" and contains seven separate clauses, A through G, some of which specifically pertain to abstinence expectations during the TRP, and some of which do not. *Id.* at 51-52. Within the latter category, clauses A, D, and F refer to abstinence requirements for either the duration of the appellant's employment with the FAA or for as long as he holds a testing designated position. *Id.* In this latter category is clause D, which states, "I agree to totally abstain from the use, on-and off-duty, of any alcohol or products that contain alcohol while occupying a [testing-designated position]." *Id.* at 52. I would find that this alcohol abstention clause is one of the "other conditions" not part of the TRP, referred to at the beginning of the memorandum. *Id.* at 46.

This conclusion is supported by other provisions of this memorandum, as well as extrinsic evidence, making clear that the TRP was temporary, as opposed to the alcohol abstention requirement, which was indefinite. On the first page of the memorandum, the agency informed the appellant that he was required to "complete" the TRP, thus indicating that the TRP, unlike the alcohol abstention requirement, is something that could be completed. *Id.* at 46. Similarly, provision number 20 of the memorandum stated that the TRP would last a minimum of 1 year from the date of the appellant's first follow-up test and after returning to his testing-designated position duties. *Id.* at 53. Likewise, the memorandum states that the appellant was expected to meet with his Individual Case Monitor at first every week, then biweekly, and after that once per month "through the completion of [his] program." *Id.* at 49. The agency has not explained how it could be that the appellant was able to stop meeting with his Individual Case Monitor on October 24, 2017, if he had not successfully completed the TRP program. *Id.* at 39.

Because the appellant had successfully completed the TRP in October 2017, when he tested positive for alcohol consumption in October 2018, the agency was no longer permitted to reinstate the removal in abeyance. The parties entered into what was effectively a last chance agreement with respect to the 2016 removal action. A last chance agreement is a contract, the terms of which are enforceable before the Board in accordance with normal contract principles. *See Ferby v. U.S. Postal Service*, 26 M.S.P.R. 451, 454-57 (1985). Unfortunately, this particular contract was non-integrated, which may have contributed to the agency's mishandling of the matter. Nevertheless, upon examination of the operative documents, the terms of the contract are clear enough. For his part, the appellant agreed to undergo a TRP and to accept certain other conditions for continued employment, including complete abstention from alcohol for as long as he encumbered a testing-designated position. IAF, Tab 4 at 46-54. In return, the agency agreed to hold the 2016 removal in abeyance "pending successful completion of all the terms and conditions in the TRP." *Id*. at 41. Once the appellant successfully completed the TRP in October 2017, the removal in abeyance was no longer pending, and there was no way for the agency to reinstate it at that point.

For these reasons, I would find that the agency's summary reinstatement of the appellant's September 2016 removal, without notice and an opportunity to respond to the new allegations of misconduct, amounted to a violation of his due process rights, and must be reversed on those grounds. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 680–81 (1991); FAA Personnel Management System, ch. III § 3. (k); IAF, Tab 5 at 48. Although Vice Chairman Kerner and I disagree about how to interpret the parties' contract, we agree that substance misuse is a very serious problem for an Air Traffic Control Specialist. To the extent that the appellant agreed to abstain completely from alcohol, his violation of that agreement could be a chargeable offense, perhaps even warranting his removal. Even if the

removal under appeal were reversed on due process grounds, there would be nothing in the Board's order to prevent the agency from placing the appellant on administrative leave, or on non-air traffic control duties, while it undertakes new, constitutionally correct adverse action proceedings. *See Ward v. U.S. Postal Service*, 5 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 22 (2015).

*Cathy Harris*

_____
Cathy A. Harris
Member